UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Takeisha Walkes, *on behalf of herself and others
similarly situated in the proposed FLSA
Collective Action,*

                                        *Plaintiff*,

            - *against* -

Unifi Aviation, LLC (d/b/a Delta Global
Services),

                                        *Defendant*.
------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

<u>**COMPLAINT**</u>

Plaintiff Takeisha Walkes ("Plaintiff" or "Walkes"), on behalf of herself and others

similarly situated, by and through her attorneys, Levin-Epstein & Associates, P.C., upon personal

knowledge as to herself and upon information and belief as to others, brings this complaint against

Defendant Unifi Aviation, LLC (d/b/a Delta Global Services) (the "Defendant"), and states as

follows:

<b>NATURE OF THE ACTION</b>

1.     Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly

situated individuals, against Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§

201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law

("NYLL") and their supporting New York State Department of Labor regulations.

2.      Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime

wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and

costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

<b>JURISDICTION AND VENUE</b>

3.     The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216

1

(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because her claims arise under the FLSA.

5.      Venue is proper in this District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF TAKEISHA WALKES**

6.      Plaintiff Walkes was employed as a security personnel and security screener supervisor at Defendant's security company known as "Delta Global Services" or "DGS" from on or around May 20, 2020 through March 8, 2021.

7.      Plaintiff Walkes was employed as a non-managerial manual worker at Delta Global Services from on or around May 20, 2020 through March 8, 2021.

8.      At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9.      At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT UNIFI AVIATION, LLC (D/B/A DELTA GLOBAL SERVICES)**

10.     Upon information and belief, Defendant Unifi Aviation, LLC (d/b/a Delta Global Services) is a foreign corporation organized and existing under the laws of the State of Delaware. Upon information and belief, it maintains its principal place of business at 3939 Northwest Drive, College Park, GA 30337 and an alternate address at 930 Virginia Ave., 4th Floor Atlanta, GA

30354.

11.     At all times relevant to this Complaint, Defendant Unifi Aviation, LLC (d/b/a Delta Global Services)  (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12.     At all times relevant to this Complaint, Defendant Unifi Aviation, LLC (d/b/a Delta Global Services)  was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13.     At all times relevant to this Complaint, Defendant Unifi Aviation, LLC (d/b/a Delta Global Services)  was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

14.     Defendant Unifi Aviation, LLC (d/b/a Delta Global Services)  possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

15.     Defendant Unifi Aviation, LLC (d/b/a Delta Global Services)  had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**FACTUAL ALLEGATIONS**

16.     Plaintiff and other similarly situated individuals are individuals who have worked for Defendant in similarly-titled, hourly paid position, during the statutory period.

17.     Plaintiff and other similarly situated individuals all shared similar job titles,

3

training, job descriptions and job tasks, during the statutory period.

18.     Plaintiff was is an employee of Defendant.

19.     Plaintiff worked as a security personnel and security screener supervisor at LaGuardia Airport for "Delta Global Services" from May 20, 2020 through and including March 8, 2021.

20.     From approximately May 20, 2020 through and including March 8, 2021, Defendant paid Plaintiff an hourly rate of $22 per hour.

21.     From approximately May 20, 2020 through and including October 2020, Plaintiff typically worked four (4) days per week, from approximately 7:00 a.m. to 4:00 p.m. (*i.e.,* approximately 9 hours per day), for a total of approximately 36 hours during each of the weeks.

22.     From approximately November 2020 through and including November 31, 2020 (*i.e.,* during the thick of the Covid-19 pandemic), Plaintiff typically worked six (6) or seven (7) days per week, from approximately 9:00 p.m. to 5:00 a.m. (*i.e.,* an 8-hour shift), and from 7:00 a.m. to 4:00 p.m. (*i.e.,* a 9-hour shift), for a total of approximately 17 hours per day, for a combined total of 102 to 119 hours during each of the weeks.

23.     During Plaintiff's first shift during this period (*i.e.,* from approximately 9:00 p.m. to 5:00 a.m.), Plaintiff was primarily responsible for performing security personnel services, including, *inter alia,* escorting construction workers throughout LaGuardia Airport.

24.     During Plaintiff's second shift during this period (*i.e.,* from approximately 7:00 a.m. to 4:00 p.m.), Plaintiff was primarily responsible for performing security screener supervisor services, including, *inter alia,* taking temperatures for construction workers, taking temperatures for Delta airlines employees, runway agents, ticket agents, and flight attendants. Plaintiff was also responsible for maintaining equipment necessary for her to perform her tasks.

25.     From approximately December 2020 through and including March 8, 2021, Plaintiff typically worked four (4) days per week, approximately 10 hours per day, for a total of approximately 40 hours during each of the weeks.

26.     Throughout the relevant period, Plaintiff regularly worked in excess of forty (40) hours per week.

27.     Plaintiff regularly worked for the Defendant in excess of forty (40) hours a week but never received an overtime premium of one and one-half times her agreed-upon regular rate of pay (*i.e.,* $22 per hour) for all of those hours.

28.     Defendants paid Plaintiff some, but not all, of the overtime she was entitled to from approximately November 2020 through and including November 31, 2020.

29.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

30.     Defendant did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

31.     Defendant did not give any notice to Plaintiff, in English (Plaintiff's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

32.     At all relevant times, Defendant did not pay Plaintiff at the rate of one and one-half times her hourly wage rate for hours worked in excess of forty per workweek.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

33.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to security personnel and security screener supervisors) employed by Defendant on or after the date

that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

34.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

35.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

36.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

### FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

37.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

38.     At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

39.     Defendant was required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

40.    Defendant failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

41.    Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

42.    Due to Defendant's willful violations of the FLSA, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

43.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

44.    Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

45.    Under the NYLL and supporting NYDOL Regulations, Defendant is required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

46.    Defendant failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

47.    Defendant willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages at one and one-half times her agreed-upon regular rate of pay (*i.e.,* $25.5 per hour).

48.    Due to Defendant's willful violations of the NYLL, Plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action

and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

49.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

50.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

51.     In violation of NYLL §195 (1), Defendant failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

52.     Due to Defendant's violations of NYLL §195 (1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

53.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

54.     With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of

employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

55.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

## FIFTH CLAIM
### (Failure to Pay Timely Wages)

56.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57.     NYLL § 191(1)(a) prohibits employers from paying manual workers at no less than on a weekly basis.

58.     As described above, throughout her employment with Defendant, Plaintiff was paid her wages bi-weekly.

59.     As a result of Defendant's violation of NYLL § 191(1)(a), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.      authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendant as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b.    certification of this case as a collective action pursuant to the FLSA;

c.    issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the FLSA Collective Plaintiffs;

d.    declaring that Defendant violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.    declaring that Defendant violated the notice statement pay provisions of the NYLL and WTPA;

f.    declaring that Defendant violated the timely pay provisions of the NYLL;

g.    awarding Plaintiff unpaid overtime wages;

h.    awarding unpaid wages under New York State law for failure to pay timely wages;

i.    awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

j.    awarding Plaintiff statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL;

k.    awarding Plaintiff pre- and post-judgment interest under the NYLL;

l.    awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

m.    Such other relief as this Court deems just and proper.

Dated: New York, New York
        December 18, 2022                         Respectfully submitted,

                                        By: /s/ Joshua Levin-Epstein
                                            Joshua Levin-Epstein
                                            Jason Mizrahi
                                            Levin-Epstein & Associates, P.C.
                                            60 East 42nd Street, Suite 4700
                                            New York, New York 10165
                                            Tel: (212) 792-0046
                                            Email: Joshua@levinepstein.com
                                            *Attorneys for the Plaintiff and proposed FLSA*
                                            *Collection Action Plaintiffs*